FILED

DocuSign Envelope ID: 18E0FBAC-CC12-4758-A8C5-82C27601C989

2022 JUN -9 PM 2: 48

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATE OF AMERICA | ) |
| | ) |
| | ) |
| V | ) CASE NO.: 5:14-cr-00028-RH-MJF-4 |
| | ) |
| | )    6:22-cv- 1024- WWB- GJK |
| | ) |
| DUSTI NICOLE BROXSON | ) |

## MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 18 U.S.C.§ 2241 BY A PERSON IN FEDERAL CUSTODY

Comes Now the defendant,  DUSTI NICOLE BROXSON, (hereinafter "Broxson" or "Defendant")
pro se' and in absentia with this PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY.  Complaints by pro se' litigants are
"read more liberally than those drafted by attorneys" (Osahar v. United States Postal Service
297 Fed. Appx 863, 864 11th Cir 2008). In addition, "Pro se' pleadings are held to a less
stringent standard than pleadings prepared by attorneys and will therefore by liberally
construed" (Tannenbaum v. United States F. 3d 1262, 1263 11th Cir 1998).

### PRELIMINARY STATEMENT

1. I, Dusti Nicole Broxson, the petitioner,  am currently being held in "home confinement" in
   the custody of the Bureau of Prisons at RRM Orlando (Residential Re-Entry Manager. I
   am  being held against my will, and restricted movement within the community that I am
   entitled to after earning First Step Act Credit via the First Step Act of 2018.

2. Petitioner contends that her sentence is now incorrectly calculated and after the
   implementation of the First Step Act, she has earned 1,189 days (NET) of Earned Time
   Credit "ETC" pursuant to the First Step Act of 2018 and the BOP's interpretation of it as

1

DocuSign Envelope ID: 18E0FBAC-CC12-4758-A8C5-82C27601C989

outlined in the Federal Register.  As such Broxson asks that this honorable court move
to direct the Bureau of Prisons to correctly calculate her  time pursuant to the First Step
Act of 2018.


## VENUE

Although Ms. Broxson was sentenced in the Northern District of Florida in accordance with the
statute at 18 U.S.C. § 2241, Ms. Broxson is currently housed in community custody and the
custody of the Regional Reentry Manager in the Middle District of Florida. As such, Ms. Broxson
appears in absentia today before this honorable court.


## MS. BROXSON IS FREE TO PROCEED ON THE MERITS

"... the exhaustion requirements under the the Prison Litigation Reform Act 42 U.S.C. §1997
e(a) ("PRLA"), will not apply.  The PLRA "only applies when [a] plaintiff is confined in a
correctional facility when the lawsuit is commenced": therefore, Plaintiff's  amended complaint is
not subject to administrative exhaustion. Q.F. v. Daniel 768 F. Appx 935, 938 (11th Cir 2019)
(citing Harris v. Garner, 216 F.3d 970, 974(11th Cir. 2000) ("it is confinement status at the time
the lawsuit is "brought" ie filed, that matters")).
Ms. Broxson, is, and has been in home confinement since June 24, 2020 and not confined in a
correctional facility, as such she is free to proceed on the merits.


## BACKGROUND

On February 4, 2015 Ms. Broxson was sentenced to 151 months in Federal Prison in the
custody of the Bureau of Prisons for Conspiracy to Distribute a Controlled Substance and
Controlled Substance Sell, Distribute or Dispence in violation of 21 U.S.C. §§ 846, 841(a)(1)
and 841 (b)(1)(A)(viii) and 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A)(viii) and 846. Ms. Broxson
had already been in custody and was moved to FCI Tallahassee a women's "LOW".  Because of

DocuSign Envelope ID: 18E0FBAC-CC12-4758-A8C5-82C27601C989

participation. In the proposed rule, the Bureau defined it as "one eight-hour period of
participation in an EBRR Program or PA that an eligible inmate successfully completes."
On January 19, 2022 The Bureau of Prisons outlined their interpretation of "a day" and
implemented accordingly, as shown "or every thirty-day period that an eligible inmate
successfully participates in EBRR Programs or PAs recommended based on the inmate's risk
and needs assessment, the inmate will earn ten days of FSA Time Credits. If the inmate is
determined to be at a minimum or low risk for recidivating and can maintain that risk level for the
most recent two consecutive risk and needs assessments, that inmate may earn an additional
five days of FSA Time Credits per thirty-day period."

## THE FIRST STEP ACT IS SILENT ON THE NUMBER OF DAYS AN INMATE CAN EARN

Contrary to some beliefs, the First Step Act of 2018, Public Law 115-391 is silent on a maximum
number of days earned.
"(4) TIME CREDITS.— "(A) IN GENERAL.—A prisoner, except for an ineligible prisoner under
subparagraph (D), who successfully completes evidence-based recidivism reduction
programming or productive activities, shall earn time credits as follows: "(i) A prisoner shall earn
10 days of time credits for every 30 days of successful participation in evidence-based
recidivism reduction programming or productive activities. "(ii) A prisoner determined by the
Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive
assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time
credits for every 30 days of successful participation in evidence-based recidivism reduction
programming or productive activities. "(B) AVAILABILITY.—A prisoner may not earn time credits
under this paragraph for an evidence-based recidivism reduction program that the prisoner
successfully completed— "(i) prior to the date of enactment of this subchapter; or "(ii) during
official detention prior to the date that the prisoner's sentence commences under section

DocuSign Envelope ID: 18E0FBAC-CC12-4758-A8C5-82C27601C989

3585(a). "(C) APPLICATION OF TIME CREDITS TOWARD PRERELEASE CUSTODY OR SUPERVISED RELEASE.—Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

In addition, Congress has stipulated, and through the Federal Register the BOP has concurred, that First Step Act earned time credits are "stackable" whereas if an inmate worked a full time job, and participated in classes they would earn effectively double credit.

## THE FIRST STEP ACT SPECIFICALLY INCLUDES SUPERVISED RELEASE

While the BOP has suggested to thousands of inmates that First Step Act earned time credits can not take time off supervised release, the above paragraph as well as *Douglas A Dyer v. Michelle Fulgam (E.D. Tennessee 1:21-CV-CLC-CHS) specifically stipulate that a) inmates on CARES ACT home confinement are still in the custody of the Bureau of Prisons. b) that inmates on CARES ACT home confinement, are still eligible to earn First Step Act time credits because they are still in the custody of the Bureau of Prisons. c) A job, while on CARES ACT home confinement is a productive activity and an inmate is earning those credits while working.* Mr. Ayers works full time (40 hours per week) and has accumulated 200 more days of credit.

## MS. BROXSON HAS EARNED OVER 3 YEARS OF FIRST STEP ACT EARNED TIME CREDITS

Ms. Broxson does not come to the court asking for a decision in regards to the credits. She has kept meticulous records as found herein and she has accumulated 2379 eligible days which under the rule above counts for 1189 days of "earned time credit" in other words, 1189 days is

DocuSign Envelope ID: 18E0FBAC-CC12-4758-A8C5-82C27601C989

what Broxson is owed. She has been accumulating credit since the beginning of the prescribed period (December 21, 2018, on and through today June 7, 2022).

| EBRR/Productive Activity | Start | End | Time | Net |
|---|---|---|---|---|
| HVAC 1 | 3/14/19 | 6/23/20 | 574 | 287 |
| Cardio Blast | 10/14/19 | 1/3/20 | 79 | 39.5 |
| Intro into wellness | 10/12/19 | 12/4/19 | 52 | 26 |
| Lean I | 10/15/19 | 10/15/19 | 1 | .5 |
| Lean I (a) | 7/16/19 | 9/16/19 | 60 | 30 |
| Beginning Soccer | 7/27/19 | 10/12/19 | 75 | 37.5 |
| Carpentry | 6/11/19 | 9/16/19 | 95 | 47.5 |
| Lean I (b) | 4/1/19 | 4/16/19 | 15 | 7.5 |
| Aerobics | 4/8/19 | 5/25/19 | 47 | 23.5 |
| Lean 1 (c) | 12/3/18 | 3/31/19 | 116 | 58 |
| TDAP | 6/24/20 | 6/10/22 | 720 | 360 |
| ISSA | 9/1/20 | 1/20/22 | 545 | 272.5 |
| Job on Home Confinement | | | | |
| | | Total in days | 2379 | 1189.5 |

Congress, The Department of Justice and the Bureau of Prisons have ruled that inmates began accumulating credits on December 21, 2018 the day the bill became a law. On January 13, 2022 the BOP began computing the dates earned and applying them to inmates eligible for end of sentence. However, at that time, the Bureau of Prisons did not take into consideration that over 30,000 inmates were home on home confinement under CARES ACT and still under their custody. Broxson was one of those inmates.

7

DocuSign Envelope ID: 18E0FBAC-CC12-4758-A8C5-82C27601C989

**CONCLUSION**

We have established through this motion that Ms. Broxson is free to proceed on the merits. Within this motion Broxson is only seeking the relief which she is entitled to and has earned through The First Step Act of 2018. It is important to note that Ms. Broxson has been serious about her rehabilitation since the first day she entered BOP custody. While the 13 Evidence Based Recidivism Reducing Programs and other Productive Activities that Broxson completed earning credit for the First Step Act are just a fraction of the over 50 classes and activities she participated in, and continues to participate in, under BOP custody.  Currently, while on home confinement, Ms. Broxson is the sole provider and care taker for her teenage daughter. The home confinement and ankle monitor prohibit Ms. Broxson from providing simple motherly tasks that allow her daughter to have a "normal" childhood. At this point, the Bureau of Prison's disregard for Ms. Broxson's rights under the First Step Act has made her daughter an innocent victim of her mothers crimes yet again. At this time, though, Broxson, under the First Step Act, should be on supervised release. This is not a morale based decision or a decision requiring evidence outside of the fact that Broxson has earned the credits described herein. We pray that this honorable court move swiftly and conclude her in prison sentence based on the credits she has earned, recalculate the remainder of the credits owed to her against her supervised release and remove the ankle monitor post haste.

Respectfully submitted this  7th day of June 2022

Dusti Broxson

Dusti N. Broxson, Pro Se'

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

UNITED STATE OF AMERICA )
)
)
V ) CASE NO.: 5:14-cr-00028-RH-MJF-4
)
)
DUSTI NICOLE BROXSON )

## CERTIFICATE OF SERVICE

I, Dusti Broxson, certify under the penalty of perjury that I have deposited the foregoing

**MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 18 U.S.C.§ 2241 BY A PERSON**

**IN FEDERAL CUSTODY** in the United States Postal Service, Postage prepaid and addressed

to:

CLERK OF COURT
United States District Court
401 W. Central Boulevard
Orlando, FL 32801

Respectfully submitted this 7th day of June, 2022

*Dusti Broxson*
ACBAE8E2444A4B1...
Dusti Broxson